## (June 6, 1978)

■ Arthur Young & Company, Appellant, v John H. Keith, Jr., et al., Respondents. Peat, Marwick, Mitchell & Co., Appellant, v John H. Keith, Jr., et al., Respondents.—Order of the Supreme Court, New York County, entered January 23, 1978, transferring to Supreme Court, Albany County, motion by appellant to quash the subpoena seeking production of its tax returns in an administrative proceeding brought by respondents before the State Tax Commission, unanimously reversed, on the law, on the facts and in the exercise of discretion, without costs or disbursements, and appellant's motion to quash the subpoena is granted without prejudice to an appropriate application by respondents to the State Tax Commission for such data concerning the issue raised by respondents as is deemed relevant and disclosable in the administrative proceeding. Order of the Supreme Court, New York County, entered January 12, 1978, transferring to Supreme Court, Albany County, motion by appellant to quash the subpoena seeking production of its tax returns in an administrative proceeding brought by respondents before the State Tax Commission, unanimously reversed, on the law, on the facts and in the exercise of discretion, without costs or disbursements, and appellant's motion to quash the subpoena is granted without

prejudice to an appropriate application by respondents to the State Tax Commission for such data concerning the issue raised by respondents as is deemed relevant and disclosable in the administrative proceeding. Respondents, in an administrative proceeding instituted by them before the State Tax Commission, are seeking to recover the sum of $268 they paid under the Unincorporated Business Income Tax Law (Tax Law, art 23) upon their business as management consultant. The State Tax Commission provided respondents with subpoenas to compel appellants to produce appellants' income tax and unincorporated business tax returns for the years 1973 through 1976 inclusive. Respondents' purpose in seeking to obtain appellants' tax returns is to demonstrate, if possible, that appellants were not required to pay such taxes upon fees received for similar services rendered by appellants and hence that the Unincorporated Business Income Tax Law is unconstitutional insofar as it denies respondents equal protection of the law. We note the sum involved and that the convenience of the parties, all of whom appear to be residents of New York County, does not justify the change of venue granted by Special Term *sua sponte* (see CPLR 503). The proceedings before us are not directed against the State Tax Commission, notwithstanding Special Term's rationalization that transfer to Albany County was warranted as each might in time become an article 78 proceeding (CPLR 506, subd [b], par 2). It does not appear that respondents' claim of unconstitutionality of the statute will be sufficiently advanced by the material subpoenaed to justify the trouble and expense to appellants, and invasion of appellants' privacy that compliance with the subpoenas would cause. Nevertheless, respondents are not precluded from making appropriate application to the State Tax Commission for such data concerning the issue raised by them as is deemed relevant and disclosable in the proceeding by respondents in the State Tax Commission to recover their $268. Concur—Murphy, P. J., Lupiano, Birns, Silverman and Lynch, JJ.